## L. AHLO *vs.* T. J. HAYSELDEN *et al.*

### APPEAL FROM DOLE J.

HEARING, MARCH 7, 1892. DECISION, APRIL 2, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.

All the partnership property being sold to a third party by the two partners, the purchaser assuming all the firm debts ;

Held, that it operated as a dissolution of the partnership.

It was ascertained, at the time of the sale, that defendant was indebted to plaintiff. Six years having elapsed since the date of the sale of the partnership property, and no new transactions having taken place between the partners within six years ;

Held, that the statute of limitations has run against the plaintiff.

### DECISION OF DOLE, J., APPEALED FROM.

The parties were partners in a sugar plantation, and sold out on the 27th of November, 1883, since which time they have had no dealings with each other.

As the consideration of the sale, the purchaser assumed the debts of the firm and a private debt of the defendant of $1,323.87 to himself. The plaintiff now claims this from the defendant. He also claims $301.27 for moneys overdrawn from the partnership fund by the defendant, and an item of $16 on account of some error in the book-keeping. There is no dispute as to the accuracy of these figures; but the defendant, under his plea of the Statute of Limitations, contends that these claims accrued, if they have accrued at all, at or before the sale of the plantation on the 27th November, 1883, and that they are consequently outlawed, more than six years having elapsed since that time before this action was brought. The plaintiff's counsel claims that the parties having been partners, and there having been no settlement of the partnership accounts, the Statute of Limitations has not begun to run.

I think that these claims must be deemed to have accrued at the sale of the plantation. The books had been delivered by the defendant to the plaintiff. These claims were then ascertainable from the books and from the terms of the sale. No further items of account have been entered between the parties. The business was sold out and the partnership was at an end, except as it might be considered as open for the settlement and payment of their accounts between themselves, their debts to others having been disposed of by their sale. Proceedings for such settlement should have been brought within six years thereafter. " Actions for the recovery of any debt founded upon any contract, obligation or liability," excepting judgment debts, shall be brought " within six years next after the cause of such action accrued, and not after." Civil Code, Section 1036. "In all actions for debt, account or assumpsit, brought to recover any balance due upon a mutual, open and current account, the cause of action shall be deemed to have accrued from the time of the last item proved in such account." Civil Code, Section 1038 ; *Barber vs. Barber*, 18 Ves., 286 ; *Foster vs. Hodgson*, 19 Ves., 180; 2 Lindley on Partnership, 963.

The defendant's plea is allowed and the bill dismissed.

OPINION OF THE FULL COURT, BY BICKERTON, J.

There can be no doubt but that the claim now made by the plaintiff accrued at the time of the sale of the plantation, and the amount now claimed by plaintiff was then ascertained. The partnership ended then and there. All of the partnership property had been sold and the partnership debts assumed by the purchaser. The only thing remaining was the settlement or payment of these ascertained amounts said to be due the plaintiff; it ceased to be a partnership matter. The plaintiff's right of action had accrued. He might have brought suit against the defendant to recover the amount now claimed by him, at any time after November, 1883. It is not contended or claimed that there has been any transactions between the parties since that date ; the claim stands now as it did then ; it was not an open account. The question as to whether the purchaser assumed

the private debt of the defendant as well as the firm debts need not be considered on this plea of the Statute of Limitations, for that question cannot affect this case, if the statute has run for six years and the claim is barred.

"Where an account had been stated between two partners and a balance was found due to one of them from the other, and twenty-four years afterwards a bill was filed by the former against the latter for discovery and account, a plea that, according to plaintiff's own showing, the balance was due twenty-four years before the filing of the bill, and that his remedy was barred by the statute, was allowed. In a subsequent case, the defendant insisted in his answer that none of the transactions in respect to which the account was sought occurred within six years before the filing of the bill, and the bill was thereupon dismissed." Lindley on Partnership, p. 964, and cases there cited.

"To render the lapse of the statutory period a bar to an action for an account by one partner against another, it must appear that the account has been closed for six years." *Stout vs. Seabrook*, 30 N. J. Eq., 187, and cases there cited.

"Where the accounts between partners have been closed for six years, and there has been acquiescence for that period, without fraud, the statute constitutes a bar ; but the statute affords no defense in a case where there has been dealings within six years." *Todd vs. Rafferty*, 30 N. J. Eq., 254 ; in the same case, page 257, the Court says, "And where the accounts have been closed for six years, and there has been acquiescence for that period, unexplained by circumstances and not countervailed by an acknowledgment, the statute constitutes an insuperable bar," and cites a number of cases.

We therefore affirm the decree sustaining the plea and dismissing the bill.

*W. R. Castle*, for plaintiff.

*F. M. Hatch*, for defendants.